OFFICE OF THE STANDING CHAPTER 13 TRUSTEE
**Angela D. Allen, Attorney**
**State Bar No. 00786970**
**Staff Attorney for Tim Truman Chapter 13 Trustee**
**6851 N.E. Loop 820, Suite 300**
**N. Richland Hills, TX 76180**
angelaa@ch13ftw.com
**Phone: (817) 770-8500**
**Facsimile: (817) 770-8511**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 08-43656-DML** |
| **Aline Hobbs** | § | |
| | § | **CHAPTER 13** |
| **Debtors** | § | |
| | § | |

## MOTION TO REOPEN CASE AND WAIVE FILING FEE

NO HEARING WILL BE CONDUCTED UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON U.S. COURTHOUSE 501 W. 10TH ST., RM. 147 FORT WORTH, TX 76102-3643 BEFORE CLOSE OF BUSINESS AT LEAST 21 DAYS FROM THE DATE OF SERVICE. ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE RESPONSE DEADLINE. IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE RESPONDING PARTY. IF NO HEARING IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED UNOPPOSED, AND THE COURT MAY ENTER AN ORDER SUSTAINING THE OBJECTION.

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

NOW COMES Tim Truman, Standing Chapter 13 Trustee and files this Motion to Reopen Case and Waive Filing Fee under 11 U.S.C. § 350(b), FED. R. CIV. P. 60(b) and FED. R. BANKR. P. 9024. Trustee would respectfully show the Court:

1. The Court has jurisdiction, and this is a core proceeding.[1]

2. Movant is the former Trustee who requests reappointment and waiver of the fee to reopen the case.

3. On August 8, 2008, Debtor filed a Voluntary Petition for Relief under Chapter 13 of the United States Bankruptcy Code and was represented by Leinart Law Firm. Debtor's Chapter 13 Plan was confirmed on December 24, 2008, and the Debtor received a discharge on January 16, 2014.

4. Movant filed Chapter 13 Standing Trustee's Final Report and Account ("Final Report") on January 13, 2014 reflecting that the estate had been fully administered and requesting that he be discharged. Movant was subsequently discharged as Trustee on February 26, 2014.

---

[1] 11 U.S.C. § 105 & 28 U.S.C. §§ 157(b) & 1334.

5. Since the closing of the case, the Trustee has received additional information regarding assets to be administered, specifically a personal injury/product liability claim settlement. During the pendency of the case, the Debtor retained counsel for a product liability claim, but never disclosed the claim.

6. Movant hereby requests, pursuant to 11 U.S.C. § 350(b) and FED. R. BANKR. P. 5010, Debtor's Chapter 13 case be reopened, and Movant be reappointed by the U.S. Trustee to fully administer the estate and that the provisions of § 362(a) shall not apply upon the reopening of Debtor's case.

7. Under § 350(b), a case may be reopened in the court in which the case was closed to administer assets, to accord relief for the debtor, or for other cause.[2]

WHEREFORE, Movant prays that this Court enter an order reopening this case to administer the assets of the estate, order the appointment of Movant as Chapter 13 Trustee, waive the filing fee to reopen the case, and for any further relief that may be granted at law or in equity.

Respectfully submitted,

By: /s/ Angela D. Allen
Angela D. Allen
Bar No. 20258000
Angela D. Allen, Staff Attorney
State Bar No. 00786970
6851 N.E. Loop 820, Suite 300
N. Richland Hills, TX 76180
(817) 770-8500

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on or before the date of filing. Service was accomplished electronically on Debtor's attorney and all parties entitled to electronic notice and by first class mail on the Debtor(s) and the parties listed below, if any.

ARCHER SYSTEMS, LLC
1775 ST. JAMES PLACE, SUITE 200
HOUSTON, TX 77056

/s/ Angela D. Allen
Angela D. Allen

---

[2] *In re Eppolito*, 617 B.R. 249 (Bankr. E.D. Pa. 2020)(Reopening granted to allow determination of whether the proceeds of the debtor-husband's personal injury action, arising out of the prepetition implant of an allegedly-defective medical device that failed post-petition, were property of the estate.)